GASKINS, J.,
dissenting.
hi respectfully dissent from the majority’s opinion, which granted summary judgment in favor of Continental Casualty Company.
There are three events at play in this insurance claims-made policy:
1) The time of the medical incident (the alleged malpractice);
2) The receipt by Dr. Tedesco of the plaintiffs claim; and
3) The reporting to the insurance company of the claim by Dr. Tedesco.
The first event, the medical incident, occurred during the policy period. The third event, the reporting of the claim to the insurance company by Dr. Tedesco, apparently occurred during the extended reporting period. Neither of these events, nor the time they occurred, are of concern in this appeal. It is the second event, the receipt by Dr. Tesdesco “of a demand for money or services, ... alleging a medical incident” that is our focus in determining insurance coverage. All parties agree that Dr. Tedesco received ^notice of the claim after the policy period, but within the extended reporting period. The question is whether this policy covers claims first made during the extended reporting period. (Neither party has claimed that the extended reporting period does not apply to this claim.)
In several places in the policy, in all capital letters, this paragraph is emphasized:
YOUR PROFESSIONAL LIABILITY INSURANCE IS WRITTEN ON A CLAIMS-MADE BASIS AND PROVIDES COVERAGE FOR THOSE CLAIMS WHICH ARE THE RESULT OF MEDICAL INCIDENTS HAPPENING SUBSEQUENT TO THE PRIOR ACTS DATE STATED ON THE DECLARATIONS AND WHICH *389 ARE FIRST MADE AGAINST YOU WHILE THIS INSURANCE IS IN FORCE. NO COVERAGE EXISTS FOR THE CLAIMS FIRST MADE AGAINST “YOU” AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, AN EXTENDED REPORTING PERIOD APPLIES. [Underlining added.]
The underlined sentence clearly indicates that a claim can be first made against “you” after the end of the policy period if an extended reporting period applies.
The majority interprets the following policy language to exclude claims first made against Dr. Tedesco during the extended reporting period:
V. EXTENDED REPORTING PERIOD COVERAGE
A. Termination
If this policy is terminated for any reason, you have the right to an Extended Reporting Period as follows:
|al. Beginning on the termination date, the period of time allowed by the policy for the reporting of medical incidents, is extended for a period of 60 days, at no additional premium.
The policy defines extended reporting period, as follows:
Extended Reporting Period means the time after the policy period for reporting claims due to a medical incident. The medical incident must happen on or after the prior acts date and before the end of the policy period.
This definition of “extended reporting period” addresses when the medical incident occurs (within the policy period) and when Dr. Tedesco can report the claim to the insurance company (the time after the policy period but within the extended reporting period). It does not address when Dr. Tedesco must receive the claim. The facts of this case meet the definition for extended reporting period in that the incident- occurred during the policy period and was reported to the insurance company during the extended reporting period.
The last senténce of the emphasized paragraph, located on the declaration page and again in the policy, in all capital letters, does tell Dr. |4Tedesco that coverage will exist for the claims first made against “you” after the end of the policy period if, and to.the extent, an extended reporting period applies. Since the extended reporting period applied, the claim first made against Dr. Tedesco after the end of the policy period should be covered by insurance. .
I would affirm the trial court’s denial of the summary judgment requested by Continental Casualty Company.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, PEATROSS, MOORE and LOLLEY, JJ.
Rehearing denied.
GASKINS, J., would grant rehearing.